IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | : | |
| | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | Civil Action No. 09-136-JJF |
| | : | |
| DELFASCO, INC., | : | |
| | : | |
| Defendant. | : | |
| | : | |

Ronald J. Tenpas, Esquire, Assistant Attorney General; Michael T.
Donnellan, Esquire and Alan S. Tenenbaum, Esquire, of the UNITED
STATES DEPARTMENT OF JUSTICE, Environment and Natural Resources
Division, Washington, DC.
David C. Weiss, Esquire, Acting United States Attorney, and Ellen
W. Slights, Esquire, Assistant United States Attorney, of the
OFFICE OF THE UNITED STATES ATTORNEY, Wilmington, Delaware.

Attorneys for Plaintiff.

Steven M. Yoder, Esquire; Theresa V. Brown-Edwards, Esquire and
Gabriel R. MacConaill, Esquire, of POTTER ANDERSON & CORROON LLP,
Wilmington, Delaware.

Attorneys for Defendant.

**MEMORANDUM OPINION**

July 15, 2009
Wilmington, Delaware

Farnan, District Judge

Pending before the Court is a Motion for Mandatory Withdrawal of Reference on All Issues Relating to the United States' Adversary Complaint (D.I. 1), filed by Plaintiff, the United States of America, requesting the Court to withdraw the reference of Adversary Proceeding No. 08-51787-MFW from the Bankruptcy Court to this Court pursuant to 28 U.S.C. § 157(d) and Fed. R. Bankr. P. 5011. For the reasons set forth below, the Court will grant Plaintiff's Motion.

## I.    STATEMENT OF FACTS[1]

Defendant/Debtor Delfasco, Inc. ("Delfasco") owns property in Grand Prairie, Texas ("Grand Prairie Property"), on which it operated its Delfasco Forge Division from 1981 to 1997. In 2002, Delfasco discovered and reported the presence of trichloroethylene ("TCE") at the Grand Prairie Property after voluntarily conducting tests and investigations under regulations promulgated by the Texas Commission on Environmental Quality. After collection and analysis of air samples from eighteen buildings located in neighborhoods adjacent to the Grand Prairie Property, the Environmental Protection Agency ("EPA") concluded that TCE vapors had migrated from groundwater into buildings

---

[1]Because Defendant/Debtor does not dispute the basic facts regarding the contamination at and near the Grand Prairie Property, the Court makes its factual findings based on the Plaintiff's account.

1

located above a 65-acre plume of TCE-contaminated groundwater.
In July 2008, the EPA issued an order under the Resource
Conservation and Recovery Act ("RCRA") known as Unilateral
Administrative Order Docket Number RCRA-06-2008-0907 ("the RCRA
7003 Order"). The RCRA 7003 Order requires Delfasco to install
and maintain mitigation systems in affected residences, conduct
additional testing, and conduct a complete groundwater and soil
remediation.

On July 28, 2008, after the issuance of the RCRA 7003 Order,
Delfasco filed for relief under Chapter 11 of the Bankruptcy
Code, 11 U.S.C. §§ 101-1532. The United States of America ("the
Government"), on behalf of the EPA, filed an Adversary Complaint
against Delfasco on December 15, 2008. On December 19, 2008, the
Government filed the instant Motion to Withdraw. (D.I. 1.) On
January 12, 2009, Delfasco filed an Objection contending that the
Government's Motion to Withdraw was filed without a concurrent
Motion to Determine Core Status, as required by Del. Bankr. L.R.
5011-1.² (D.I. 3.) On January 15, 2009, the Government filed a
Reply to Delfasco's Objection stating, inter alia, that it had

_____

²This rule provides, "A motion to withdraw the reference of
a matter or proceeding shall be filed with the Clerk. The Clerk
shall transmit such motion to the Clerk of the District Court for
disposition by the District Court. The movant shall concurrently
file with the Clerk a motion for a determination by the
Bankruptcy Court with respect to whether the matter or proceeding
is core or non-core. All briefing shall be governed by the rules
of the District Court, including those rules governing timing,
unless otherwise ordered by the Court." Del. Bankr. L.R. 5011-1.

cured the problem by filing a Motion to Determine Core Status with the Bankruptcy Court.  (D.I. 4.)  Delfasco then filed its Supplemental Objection (D.I. 5) on February 2, 2009, and the Government filed its Supplemental Reply (D.I. 6) shortly thereafter.[3]

## II.  DISCUSSION

Under 28 U.S.C. § 1334(b), district courts "have original but not exclusive jurisdiction of all civil proceedings arising under title 11, or arising in or related to cases under title 11."  28 U.S.C. § 1334(b).  Pursuant to 28 U.S.C. § 157(a), District Courts may refer cases under title 11 to the Bankruptcy Court for disposition.  Under § 157(d), however, the referred proceeding can be withdrawn from the Bankruptcy Court and returned to the District Court upon the motion of either party. Section 157(d) provides for both mandatory and discretionary

---

[3]In its Supplemental Reply, the Government requests that the Court decline to consider Delfasco's Supplemental Objection because Delfasco failed to seek the Court's approval before filing it, in violation of D. Del. L.R. 7.1.2(b).  However, as noted above, the Government violated Del. Bankr. L.R. 5011-1 by not filing its Motion to Determine Core Status with the Bankruptcy Court concurrently with the present Motion for Mandatory Withdrawal.  For that reason alone, Delfasco's initial Objection (D.I. 3) deals only with the Government's failure to comply with the Bankruptcy Court's rules.  It would be unfair to require Delfasco, in its initial Objection, to substantively respond to the Government's Motion for Mandatory Withdrawal when, at the time, that Motion was not properly before this Court. Under these circumstances, the Court will exercise its discretion pursuant to D. Del. L.R. 1.3 and consider the arguments raised in Delfasco's Supplemental Objection.

withdrawal.   In the present action, the Government seeks
withdrawal only under the mandatory standard.

The second sentence of § 157(d) provides for mandatory
withdrawal: "The district court *shall* on timely motion of a
party, so withdraw a proceeding if the court determines that
resolution of the proceeding requires a consideration of both
Title 11 and other laws of the United States regulating
organizations or activities affecting interstate commerce."   28
U.S.C. § 157(d) (emphasis added).   Courts have recognized that a
literal interpretation of this provision could result in an
"escape hatch" through which most bankruptcy matters could
routinely be removed to the district court.   In re Quaker City
Gear Works, Inc., 128 B.R. 711, 713 (E.D. Pa. 1991) (citing In re
White Motor Corp., 42 B.R. 693, 703-04 (N.D. Ohio 1984)).
Accordingly, courts in this District have interpreted the
mandatory withdrawal provision of § 157(d) to apply only where
the action requires a "substantial and material" consideration of
federal law outside the Bankruptcy Code.   In re Continental
Airlines, 138 B.R. 442, 444-46 (D. Del. 1992).   Withdrawal is
inappropriate "when only a straightforward application of a
federal law is required for resolution of the pending issue."
Pension Benefit Guar. Corp. v. Smith Corona Corp., 205 B.R. 712,
714 (D. Del. 1996).   Further, environmental statutes and
regulations such as RCRA are "'rooted in the commerce clause' and

4

[are] precisely 'the type of law[s] Congress had in mind when it enacted the statutory withdrawal provision.'" Hatzel & Buehler, Inc. v. Orange & Rockland Utils., 107 B.R. 34, 38 (D. Del. 1989) (quoting United States v. Johns-Manville Corp., 63 B.R. 600, 602 (S.D.N.Y. 1986)).

The party seeking withdrawal bears the burden of demonstrating that the action requires a substantial and material consideration of a federal statute outside the Bankruptcy Code. In re Continental, 138 B.R. at 445. Applied here, this standard requires the Government to show that its Adversary Complaint requires substantial and material consideration of RCRA or other non-bankruptcy law. The Government contends that the present action meets this standard. (D.I. 2 at 1.) Specifically, the Government advances three claims for relief: (1) a declaratory judgment that its request for relief is not automatically stayed under 11 U.S.C. § 362(a)(1) because it falls within the police and regulatory exception, pursuant to 11 U.S.C. § 362(b)(4) ("Count I"); (2) an injunction under the "imminent and substantial endangerment" provision of RCRA to enforce the RCRA 7003 Order ("Count II"); and (3) civil penalties against Delfasco for its failure or refusal to comply with the RCRA 7003 Order ("Count III"). (Adv. Compl. at 6-10.) The Government further contends that "[t]he interplay between the automatic stay exception in . . . 11 U.S.C. § 362(b)(4), and the injunctive

provisions under [42 U.S.C. § 6973] should be harmonized by the District Court, thus requiring mandatory withdrawal."  (Id. at 10.)  Additionally, given that the RCRA affects interstate commerce, and that withdrawal is mandatory in proceedings that significantly involve interstate commerce matters, the Government argues, the present action must be withdrawn.  (Id. at 11-13.)

In response, Delfasco responds that the Government's claims do not meet the standard for mandatory withdrawal.  First, Delfasco argues that the applicability of the automatic stay on which the Government seeks declaratory judgment in Count I is a threshold matter to be resolved first by the Bankruptcy Court. (D.I. 5 ¶¶ 8, 18.)  Second, Delfasco contends that even if the automatic stay does not apply, Counts II and III do not involve substantial and material consideration of environmental law, as required for mandatory withdrawal, and that the Bankruptcy Court is "more than capable of interpreting" whatever environmental provisions will need to be interpreted.  (Id. ¶¶ 19-20.) Finally, Delfasco argues that withdrawal would cause undue delay resulting in prejudice to all the parties in interest.  (Id. ¶ 21.)

Reviewing the Complaint in light of the standard for mandatory withdrawal, the Court concludes that the present action must be withdrawn from the Bankruptcy Court because it involves a substantial and material consideration of environmental law,

6

particularly with respect to Counts II and III.  Delfasco
contends that Count II of the Complaint "is tantamount to an
attempt to enforce a money judgment," and that Count III of the
Complaint seeks only monetary damages, "thereby removing [the]
claim from the police power exception to the automatic stay."
(D.I. 5 ¶¶ 13, 17.)  In the Court's view, however, the question
of whether these contentions are correct will require
considerable interpretation of both bankruptcy law and
environmental law.

Delfasco contends that the Bankruptcy Court is "more than
capable of interpreting" environmental law.  However, in
considering mandatory withdrawal, the issue for the Court is not
whether the Bankruptcy Court *can* capably interpret environmental
law, but rather whether the Bankruptcy Court will be *required* to
interpret environmental law.  If the action requires only a
straightforward *application* of environmental law, withdrawal must
be denied.  On the other hand, if the action requires substantial
*interpretation* of environmental law, withdrawal is mandatory.
Columbia Gas Transmission Corp. v. Columbia Gas Sys., Inc., No.
92-453-JJF, 1993 U.S. Dist. LEXIS 1280, at *10 (D. Del. Feb. 9,
1993).  Because the Court is persuaded that resolution of this
action will require significant interpretation of both
environmental law and bankruptcy law, the Court concludes that
this action cannot remain in the Bankruptcy Court.

7

Delfasco points out that the question of whether the police and regulatory powers exception to the automatic stay applies is "purely a question of bankruptcy law." In re W. R. Grace & Co., 384 B.R. 678, 681 (Bankr. D. Del. 2008). However, this fact is not dispositive. The Third Circuit has made clear that "whether the stay applies to litigation otherwise within the jurisdiction of a district court . . . is an issue of law within the competence of both the [district court] . . . and the bankruptcy court . . . ." Brock v. Morysville Body Works, 829 F.2d 383, 387 (3d Cir. 1987) (quoting In re Baldwin-United Corp. Litig., 765 F.2d 343, 347 (2d Cir. 1985)). Accordingly, the Court concludes that the applicability of the automatic stay need not be resolved by the Bankruptcy Court in the first instance.

Delfasco further contends that withdrawal would cause undue delay and prejudice to the parties; however, Delfasco has not pointed to any facts supporting its argument and relies instead upon conclusory assertions. In these circumstances, the Court cannot conclude that withdrawal should be denied on the basis of undue delay or undue prejudice to the parties.

## III. CONCLUSION

In sum, the Court concludes that the instant action requires substantial and material consideration of a federal statute outside of the Bankruptcy Code. Accordingly, the Court will grant the Government's Motion for Mandatory Withdrawal of

Reference on All Issues Relating to the United States' Adversary
Complaint.

An appropriate Order will be entered.